WALES, Appellant, vs. WIGHTMAN, Respondent.

*May 16—June 15, 1945.*

' For the appellant there was a brief by *Sheldon & Freytag* of Elkhorn, and oral argument by *William A. Sheldon.*

For the respondent the cause was submitted on the brief of *Thorson, Seymour & Korf* of Elkhorn.

ROSENBERRY, C. J.    Prior to November 13, 1941, the plaintiff owned a sales and service agency in Elkhorn.   The defendant also owned a sales agency in Elkhorn known as Wightman Auto Sales.   On November 13, 1941, the parties entered into a partnership agreement which was reduced to writing.   By the terms of this contract, the defendant sold to the plaintiff a one-half interest in and to the Wightman Auto Sales for the sum of $1,500.   The contract provided for the payment of certain obligations of the defendant, and transferred a one-half interest in defendant's business and in the personal property, equipment, etc., to the plaintiff, and also assigned to the plaintiff a one-half interest in certain accounts then owing to the defendant by the Northwestern Acceptance Company of Milwaukee and other accounts receivable.   The transfer was made in accordance with an inventory made by the defendant and turned over by him to the plaintiff.   The contract also provides that certain personal property owned by

the plaintiff might be moved into the place of business of the defendant, such personal property to remain the separate property of the plaintiff. The last paragraph of the contract is as follows:

"It is contemplated between the parties that eventually and after the separate property of second party [plaintiff Wales] which consists of automobiles and parts have been sold, the parties hereto shall operate said business each with undivided one-half interests therein, together with the property belonging thereto, and each paying one half of the expense of operation and each deriving one half of the net profits thereof, *and that in the meantime and until said separate property of second party shall have been disposed of, the parties hereto shall from time to time, adjust the expenses of operation of said business* on such fair basis as the parties hereto shall mutually agree upon."

The plaintiff being unable to obtain an accounting from the defendant, commenced this action. There were no witnesses upon the trial except the parties to the action.

The court found: "4. That the parties entered into a bungling and uncertain arrangement in the fall of 1941 for the operation of said business as partners, under and by virtue of which the plaintiff was to contribute capital and the defendant was to contribute his capital and his entire time to the operation of said business.

"5. That no express agreement was entered into between the parties under which the defendant was to receive any agreed sum for wages; that the parties knew or should have known that the defendant would be compelled to withdraw from the business for his living but never agreed upon any definite drawing account for the defendant.

"6. That during the years, 1942, 1943 and 1944, the defendant withdrew from said business the sum of fourteen hundred sixty ($1,460) dollars, thirteen hundred forty ($1,340) dollars and five hundred sixty ($560) dollars, respectively. That said withdrawals were made from the capital and income of the enterprise, were made without ob-

jection of the plaintiff and under such circumstances that the plaintiff knew or should have known of them and that the plaintiff at no time objected thereto. That such withdrawals, under the circumstances, were consented to by the plaintiff.

"7. That the capital contributed by the plaintiff to the copartnership amounted to eleven thousand five hundred sixty and 71/100 ($11,560.71) dollars; that the plaintiff has withdrawn therefrom the sum of eight thousand five hundred sixteen and 16/100 ($8,516.16) dollars; that in addition thereto, the plaintiff contributed the sum of nine hundred sixty-four and 73/100 ($964.73) dollars and the sum of eight hundred forty-four and 40/100 ($844.40) dollars, respectively to the purchase of a 1942 Dodge sedan and a 1942 Plymouth sedan; that the plaintiff should be reimbursed for said last-mentioned sums totaling one thousand eight hundred nine and 13/100 ($1,809.13) dollars; that all other contributions by the plaintiff to the partnership capital as well as all other claims set forth in the complaint should be offset against the capital and the efforts of the defendant in the enterprise.

"8. The plaintiff's entire loss of three thousand forty-four and 55/100 ($3,044.55) dollars is explained by the withdrawals of the defendant set forth at paragraph 6 hereof.

"9. . . .

"10. That the claim of the defendant for additional wages must be disallowed.

"11. That the claim of the plaintiff for his outlay of capital, except for the sum of eighteen hundred nine and 13/100 ($1,809.13) dollars, for the purchase of the 1942 Dodge sedan and the 1942 Plymouth sedan, should be disallowed.

"12. [Describes the character and value of remaining assets.]

"13. That the said remaining assets of the partnership should be sold and from the proceeds thereof the expense of liquidation be paid and the balance be disbursed as follows:

"(a) Payment of obligations of partnership.

"(b). Payment to the plaintiff of the sum of eighteen hundred nine and 13/100 ($1,809.13) dollars, without interest.

"(c) The balance divided equally between the parties."

Judgment was entered accordingly. The plaintiff appeals from the part of the judgment described as follows:

"4. That the parties entered into a bungling and uncertain arrangement in the fall of 1941 for the operation of said business as partners, under and by virtue of which the plaintiff was to contribute capital and the defendant was to contribute his capital and his entire time to the operation of said business. . . .

"10. That the plaintiff is entitled to a credit of $1,809.13, without interest.

"11. That the claim of the plaintiff for his outlay of capital, except for the sum of $1,809.13, without interest, is denied.

"12. That the assets of the partnership be sold by the plaintiff as receiver and the net proceeds be disbursed in the following order:

"(a) Payment of expenses of liquidation.

"(b) Payment of debts of partnership.

"(c) Payment to the plaintiff of the sum of $1,809.13, without interest.

"(d) Balance to be divided equally between the parties.

"13. That all other claims of the plaintiff be, and the same hereby are, denied."

For some unascertainable reason this case seems to have been considered almost wholly upon the allegations contained in the pleadings of the parties and without any regard whatever to the contract of November 13, 1941, and especially without regard to that part of the contract heretofore set out. We find no evidence anywhere that the plaintiff was to contribute anything to the partnership except the $1,500 paid by the plaintiff to the defendant for a one-half interest in the property and business of the defendant. One paragraph of the contract provides as follows:

"It is further understood and agreed that second party [plaintiff] has at his present place of business certain items of personal property in the way of automobile parts, tools, garage equipment and other personal property used by him

in connection with the operation of the aforesaid business; that said second party may move all of said personal property into said place of business on North Wisconsin street [defendant's place of business] at any time after execution and delivery hereof, such personal property to remain the separate property of second party, unless and until the parties hereto shall otherwise agree in writing."

No subsequent agreement in writing was made.

As appears from the part already quoted, "property" included certain automobiles. Just how the conclusion that the plaintiff contributed this separate property to the partnership was arrived at, we are unable to ascertain. While the plaintiff made some advances to the defendant between November 13, 1941, and the 7th day of September, 1944, when the partnership was terminated, there is no provision in the contract which required him to do so, and it is quite apparent that these advances were by way of loans and not as a contribution to capital. It is apparent that the time when the parties were to become full partners never arrived; that is, the separate property which by the terms of the contract was to belong to the plaintiff was not sold and accounted for. The defendant never obtained a half interest either in the separate property of the plaintiff or the funds advanced by him and the accounting should have been upon that basis.

The principal controversy on this appeal is in respect to the amounts claimed by the defendant as wages. Upon this the court found that there was no agreement between the parties with respect to wages. The court then proceeded to make one on the basis that the plaintiff knew or should have known that the defendant would have to have money to live on. However, the contract expressly provides:

"That in the meantime and until said separate property of second party shall have been disposed of, the parties hereto shall from time to time, adjust the expenses of operation of said business on such fair basis as the parties hereto shall mutually agree upon."

Wages are certainly an expense in operation of a business. The plaintiff never having agreed with the defendant as to wages, it is clear that the defendant was not entitled thereto.

There is nothing in the contract to indicate that the defendant was to be supported out of partnership funds "in the meantime." For all that appears each party was to support himself after the execution of the contract just the same as he would have done if the contract had not been made. The plaintiff testified that the parties agreed that the defendant was to run the business and take all the profits until some other arrangement, but the defendant denies this. However, the defendant took and never accounted for the profits, if there were any.

Sec. 123.15 (6), Stats., provides:

"No partner is entitled to remuneration for acting in the partnership business, except that a surviving partner is entitled to reasonable compensation for his services in winding up the partnership affairs."

In *Baker v. McGrane* (1929), 198 Wis. 512, 224 N. W. 737, the following is laid down: An agreement that one partner shall receive compensation for personal services to the partnership must be established by clear and satisfactory evidence. The trial court found there is no such evidence in this case. Under the terms of the contract and the statute no implied obligation could arise.

It is clear that the trial court was in error in finding that the proceeds of the sale of plaintiff's separate property and his advances to the partnership were contributions to capital. The plaintiff's contribution to the partnership was the $1,500 which he paid to the defendant for one-half interest in defendant's business and which was disbursed to pay defendant's obligations. What the defendant is entitled to is a one-half interest in the proceeds of the partnership property, including the accounts receivable, after the payment of the ex-

penses of the liquidation, the debts of the partnership, not the individual liabilities of the defendant, and payment to the plaintiff of the proceeds of the sales of his separate property, and the return to him of the moneys advanced by the plaintiff.

*By the Court.*—That part of the judgment appealed from is reversed, with directions to the trial court to restate the account as indicated in the opinion and for judgment in favor of the plaintiff accordingly.